# Third District Court of Appeal

## State of Florida

Opinion filed November 28, 2018.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D18-1342
Lower Tribunal No. 17-23840
_____

**Coventry Health Care of Florida, Inc.,**
Appellant,

vs.

**Crosswinds Rehab, Inc., LLC, etc., et al.,**
Appellees.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, William Thomas, Judge.

Shook Hardy & Bacon and Daniel B. Rogers; Morgan, Lewis & Bockius and Matthew Papkin, Melissa M. Coates and Brian M. Ercole; Shapiro, Blasi, Wasserman & Hermann and Richard P. Hermann, II and David J. DePiano (Boca Raton), for appellant.

The Moskowitz Law Firm and Adam Moskowitz and Howard M. Bushman and Adam A. Schwartzbaum and Joseph M. Kaye; Fuerst Ittleman David & Joseph and Allan A. Joseph, Christopher M. David and Michael B. Kornhauser, for appellee 206 Golden LLC d/b/a Crossroads.

Before SALTER, EMAS and FERNANDEZ, JJ.

SALTER, J.

Coventry Health Care of Florida, Inc. ("Coventry"), appeals a circuit court order denying Coventry's motion to compel arbitration. Coventry sought arbitration of putative class action claims brought against Coventry by the appellee, 206 Golden, LLC ("206 Golden"). For the reasons which follow, we affirm the trial court order denying the motion.

It is undisputed that 206 Golden is not the same entity that entered into a participating provider agreement ("Agreement") with Coventry in 2012. Rather, the Agreement was signed by a prior provider operating the skilled nursing facility now operated by 206 Golden but still known as "The Crossroads."

It is also undisputed that the Agreement contains a binding arbitration provision between Coventry and the entity which signed the Agreement, and that the Agreement excluded long-term care services. Coventry argues that, since at least 2014, 206 Golden's submission of claims to, and receipt of payments from, Coventry, establishes that the Agreement is still operative and binds 206 Golden. It further argues that the arbitrator, not the trial court, should determine the enforceability and scope of the Agreement.

206 Golden responds that: (1) it never signed and never agreed to the terms in Coventry's Agreement with the prior entity; and (2) it has submitted the claims in controversy and has been paid by Coventry (a) exclusively for long-term care

2

services, which are excluded under the express terms of the Agreement,[1] and (b) only because 206 Golden "must" submit such claims to Coventry under section 409.982(2), Florida Statutes (2018), irrespective of any agreement or contract.[2]

The first issue is dispositive and eliminates our need to address the long-term care exclusion in the Agreement. In Careplus Health Plans, Inc. v. Interamerican Medical Center Group, LLC, 124 So. 3d 968 (Fla. 3d DCA 2013), as here, the agreement containing the mandatory arbitration provision was not signed by the entity against which the provision was sought to be enforced; this Court held that the trial court, not an arbitrator, was to determine the applicability of the arbitration provision based on the relationship of the parties.

Although the Agreement in the present case included a broad "successors and assigns" provision applicable to Coventry,[3] no such provision applied to a successor owner or operator of the Crossroads facility.

---

[1] During the hearing on the motion to compel arbitration, counsel for 206 Golden represented that its lawsuit "is solely regarding the long-term care program." That limitation was reiterated at oral argument before this Court.

[2] The subsection requires nursing homes and hospices that are enrolled Medicaid providers to participate in all eligible plans selected by the Agency for Health Care Administration in the region in which the provider is located.

[3] "References to 'Coventry' in [Section 5.2.1, the binding arbitration provision] includes [sic] its respective subsidiaries, affiliates, agents, employees, predecessors in interest, successors and assigns, under this or prior agreements with Provider." The Agreement also prohibited the assignment or transfer of the signatory Provider's rights without the prior written consent of Coventry, and disclaimed any intention to benefit any person or entity, "[o]ther than as expressly set forth in the

The first element to be considered under the controlling case of <u>Seifert v. U.S. Home Corp.</u>, 750 So. 2d 633, 636 (Fla. 1999), is "whether a valid arbitration agreement exists." In this case, it does not, as between these parties. The record before us lacks competent substantial evidence supporting Coventry's contentions regarding (a) an implied assumption of such a provision by 206 Golden, or (b) estoppel as against 206 Golden.[4]

For these reasons, the order denying Coventry's motion to compel arbitration is affirmed.

_____

Agreement."

[4] Counsel for the parties advised the trial court that Coventry's motion to compel arbitration could be decided without an evidentiary hearing.